UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:19-cv-01267

LATRICE M. LEE, *individually and on behalf of all others similarly situated,*

      Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,

      Defendant.
_____/

**DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S
MOTION TO STRIKE THE CLASS ACTION ALLEGATIONS IN PLAINTIFF'S
COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant MIDLAND CREDIT MANAGEMENT, INC., ("Defendant" or "MCM"), by and through its undersigned counsel and pursuant to M.D. Fla. L.R. 4.04(b), moves to strike the class action allegations in Plaintiff's Complaint and shows the Court as follows: [1]

**PRELIMINARY STATEMENT**

Plaintiff has filed her Complaint as a putative class action. As such, she is required to comply with this Court's Local Rules regarding claims brought on behalf of a class. These local rules require, among other things, that a plaintiff move for class certification under Fed. R. Civ. P. 23(c) within ninety (90) days of the filing of the action, unless that time is extended by the Court for good cause. *See* Local Rule 4.04(b). Given that Plaintiff filed this action on October 31, 2019,

---

[1] Defendant reserves any and all rights under the card agreement applicable to Plaintiff's account. The card agreement contains an arbitration provision and class action waiver. Defendant specifically reserves its right under the Federal Arbitration Act to move to compel arbitration and strike the class allegations from the Complaint.

the deadline to move for class certification expired on January 29, 2020. To date, Plaintiff has not moved to certify a class nor has Plaintiff sought an extension of the time period within which to move for class certification. Based on the foregoing reasons, as more fully set forth below, the Court should strike the class allegations in Plaintiff's Complaint.

## BRIEF PROCEDURAL BACKGROUND

On October 31, 2019, Plaintiff filed her Complaint on behalf of a putative class, [ECF No. 1]. On January 10, 2020, this Court entered a Case Management and Scheduling Order and Referral to Mediation (the "Case Management Order") [ECF No. 13]. The Case Management Order provided that the parties would serve their mandatory initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by February 7, 2020. To date, Plaintiff has failed to serve her initial disclosures. The Case Management Order does not contain a deadline for the filing of a class certification motion nor does it extend the default timeframe provided by the Local Rules.

## ARGUMENT

"The Eleventh Circuit has expressly recognized the authority of the district courts to apply local rules prescribing the deadline for the filing of a motion for class certification, or to sanction plaintiffs for noncompliance." *Seyboth v. Gen. Motors Corp.*, 2008 WL 199412, *2 (M.D. Fla. 2008) (citing *Martinez-Mendoza v. Chapman Int'l Corp.*, 340 F.3d 1200, 1216 n. 38 (11th Cir. 2003)). Local Rule 4.04(b) mandates that a plaintiff file a motion for class certification within ninety (90) days of the filing of the complaint, unless "extended by the Court for good cause shown."

A number of district courts in the Middle District of Florida have granted motions to strike class allegations for failure of the plaintiff to move to certify the class within the timeframe set forth in Local Rule 4.40(b). *See, e.g., Lopera v. Midland Credit Management, Inc.,* Case No.:

2

8:16-cv-1448-Y-33JSS, (M.D. Fla. Nov. 17, 2016) [ECF No. 35 at 9], a true and correct copy of which is attached as **Exhibit A** (finding that "[b]ased upon the totality of the circumstances, the Court finds Lopera's failure to timely file a motion for class certification or promptly move for an extension of time to seek class certification was not excusable neglect"); (*Wright v. Dyck-O'neal, Inc*, 2016 WL 3912050, *6 (M.D Fla. July 27, 2016) (finding that "Defendants have no obligation to ensure that Plaintiffs' counsel reads and timely complies with the Local Rules"); *Wilcox v. Taco Bell of America, Inc.*, 2011 WL 3444621, *2 (M.D. Fla. Aug. 8, 2011) (holding that "[b]ased upon the totality of the circumstances, the Court finds that Plaintiff's failure to timely file a motion for class certification and failure thereafter to promptly remedy the oversight is not excusable neglect."); *Seyboth*, 2008 WL 1994912 at *2 ("Plaintiff's failure to timely pursue discovery and timely file (or move for an extension to file) the motion for class certification calls into question Plaintiff's ability to adequately protect the interests of the class."). At least one other district court in the Middle District of Florida has also *sua sponte* dismissed class allegations for failure to move to certify a class in accordance with the Local Rules. *See Gonzalez v. Asset Acceptance, LLC*, 2008 WL 1930625, * 2 (M.D. Fla. April 30, 2008).

Here, based on the date Plaintiff filed her Complaint – October 31, 2019 – Plaintiff's motion to certify the class was due on January 29, 2020, more than five weeks ago. To date, Plaintiff has not filed a motion to certify the class or otherwise filed a motion for an extension of time within which to do so. Plaintiff was able to file a motion for extension of time before the deadline, but failed to do so. Under these circumstances, there is no excusable neglect on the part of the Plaintiff in failing to move for class certification in accordance with the local rules. *See* Fed. R. Civ. P. 6(b); *Seyboth*, 2008 WL 1994912, at *1 (finding no excusable neglect and striking class allegations where "plaintiff provide[d] no explanation for the asserted 'calculation error,'

3

#73586528_v1

which was fully in counsel's control"). Moreover, despite the fact that Plaintiff's initial disclosures were due on February 7, 2020, Plaintiff has failed to serve initial disclosures, further demonstrating that Plaintiff has otherwise failed to comply with the Federal Rules of Procedure and Orders of this Court, which weighs against granting an extension after the certification deadline.

## CONCLUSION

Based on the foregoing reasons, Defendant Midland Credit Management, Inc. respectfully requests that the Court strike the class allegations in the Complaint.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for the Defendant conferred with counsel for the Plaintiff regarding the relief sought herein, and Plaintiff opposes the relief.

Dated:  March 12, 2020

**HOLLAND & KNIGHT LLP**

*/s/ Cory W. Eichhorn*
Cory W. Eichhorn
Florida Bar No. 576761
cory.eichhorn@hklaw.com
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799

&

Michael M. Gropper
Florida Bar No. 105959
michael.gropper@hklaw.com
50 North Laura Street, Suite 3900
Jacksonville, FL 32202
(904) 353-2000 (telephone)
(904) 358-1872 (facsimile)

*Attorneys for Defendant*

#73586528_v1