**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LATRICE M. LEE, individually and on behalf
of all others similarly situated,

    Plaintiff,

v.                                                      Case No. 3:19-cv-01267-BJD-MCR

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.

_____/

**JOINT MOTION FOR EXTENSION OF TIME TO CONDUCT MEDIATION**

Latrice Lee and Midland Credit Management, Inc. (the "Parties"), pursuant to Federal Rule of Civil Procedure 6(b), respectfully request an extension of time through and including July 31, 2020 to conduct a mediation conference in this case. In support, the Parties state as follows:[1]

    1.    Plaintiff initiated this action on October 31, 2019 by filing the Class Action Complaint and Demand for Jury Trial [Doc. 1; Complaint]. The Complaint asserts four causes of action against Defendant for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

    2.    On January 10, 2020, the Court entered a Case Management and Scheduling Order [Doc. 13; CMSO] with a mediation deadline of April 6, 2020. The Parties have selected, and the Court has appointed, Rodney A. Max, Esq. as the mediator in this case. *See* (Joint Notice, Doc. 16); (Order, Doc. 17).

---

[1] Defendant reserves any and all rights under the card agreement applicable to Plaintiff's account. The card agreement contains an arbitration provision and class action waiver. Defendant specifically reserves its right under the Federal Arbitration Act to move to compel arbitration and strike the class allegations from the Complaint.

3.     On Monday, March 9, the Parties learned that Mr. Max's schedule did not afford the Parties with any open mediation dates that worked with both Parties. The Parties originally agreed to ask this Court to extend the mediation deadline to allow them to obtain additional "open" dates from Mr. Max.

4.     With the outbreak of COVID-19, the Parties and their counsel[2] are attempting to minimize travel and large gatherings and other meetings to the extent possible.

5.     Accordingly, the Parties desire additional time, through and including July 31, 2020, to conduct the mediation conference in this case. In addition, the Parties currently have disputes regarding (1) whether Plaintiff's claims are subject to an arbitration clause and must therefore be submitted to arbitration, and (2) whether Plaintiff's claims may be maintained as a class action in any event. Defendant anticipates filing motions related to these issues. The Parties believe that a mediation conference may be more fruitful after briefing of these issues.

6.     An extension of the mediation deadline to July 31, 2020 will not interfere with any other deadlines in this case. The deadline related to dispositive motions is not until January 8, 2021, and trial is set on the Court's June 7, 2021 trial term. *See* (CMSO, Doc. 13).

7.     The Parties have conferred and jointly seek the relief sought herein.

### MEMORANDUM OF LAW

In pertinent part, Federal Rule of Civil Procedure 6 provides as follows:

**(b) Extending Time.**

(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

---

[2] Plaintiff's counsel is located in Illinois, and Defendant's representatives are located in California.

#73662760_v1

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1). For the reasons set forth above, the Parties respectfully submit that they have demonstrated good cause for the extension of time sought herein.

**WHEREFORE**, the Parties jointly request an extension of the mediation deadline in this case through and including July 31, 2020 and any other relief that the Court deems just and proper.

<u>**CERTIFICATE OF CONFERENCE**</u>

Pursuant to Local Rule 3.01(g), counsel for Plaintiff and counsel for Defendant have conferred regarding the relief sought herein and jointly move the Court for such relief.

Respectfully submitted this 17th day of March, 2020.

**HOLLAND & KNIGHT LLP**

*/s/ Alexander J. Taylor*
Alexander J. Taylor
Florida Bar No. 1013947
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8181
Email: ataylor@sulaimanlaw.com

*Attorney for Plaintiff*

*/s/ Michael M. Gropper*
Cory W. Eichhorn
Florida Bar No. 576761
cory.eichhorn@hklaw.com
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799

&

Michael M. Gropper
Florida Bar No. 105959
michael.gropper@hklaw.com
50 North Laura Street, Suite 3900
Jacksonville, FL 32202
(904) 353-2000 (telephone)
(904) 358-1872 (facsimile)

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on March 17, 2020, I filed a copy of the foregoing with the Court's CM/ECF system, which will send a notice of electronic filing to the following recipients:

Alexander J. Taylor
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, IL 60148
630-575-8181
Email: ataylor@sulaimanlaw.com

*Attorney for Plaintiff*

                                                */s/ Michael M. Gropper*